UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MODESTO MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:22-cv-02044 AC<br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.

### I.  PROCEDURAL BACKGROUND

Plaintiff applied for DIB on May 18, 2020, alleging disability due to brain aneurysm and vision impairment.  Administrative Record ("AR") 89, 204.[2]  The disability onset date was

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

[2] The AR is electronically filed at ECF No. 10.

1

alleged to be November 15, 2019.  Id.  The application was disapproved initially and on reconsideration.  AR 90-94, 95-99.  On July 15, 2021, ALJ Vincent Misenti presided over the hearing on plaintiff's challenge to the disapprovals.  AR 42-56 (transcript).  Plaintiff, who appeared without counsel, was present at the hearing and Ricardo Martinez acted as interpreter.  AR 42.  David Janus, a Vocational Expert ("VE"), also testified at the hearing.  Id.

On August 2, 2021, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 28-37 (decision), 38-41 (exhibit list).  On September 14, 2022, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-8 (decision and additional exhibit list).  Plaintiff filed this action on November 10, 2022.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 9.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 11 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion).

## II.  FACTUAL BACKGROUND

Plaintiff was born in 1964, and accordingly was a person of advanced age under the regulations, when he filed his application.[3]  AR 200.  Plaintiff alleged zero years of formal education, and cannot communicate in English.  AR 203, 205.  Plaintiff listed a work history in agriculture and as a machine operator.  AR 205.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such

---

[3] See 20 C.F.R. § 404.1563(e) ("person of advanced age").

2

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically

determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

>  1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2024 (Ex. 3D).
>
>  2. [Step 1] The claimant has not engaged in substantial gainful activity since November 15, 2019, the alleged onset date (20 CFR 404.1571 et seq.).
>
>  3. [Step 2] The claimant has the following severe impairment: brain aneurism (20 CFR 404.1520(c)).
>
>  4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
>  5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he cannot work around unprotected heights, must avoid concentrated exposure to moving mechanical parts, and cannot climb ladders, ropes or scaffolds.
>
>  6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
>  7. [Step 5] The claimant was born on [in 1963] and was 56 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563).
>
>  8. [Step 5, continued] The claimant has a limited education (20 CFR 404.1564).
>
>  9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>  10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
>  11.  The claimant has not been under a disability, as defined in the Social Security Act, from November 15, 2019, through the date of this decision (20 CFR 404.1520(g)).

AR 30-37.  As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 37.

# VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to properly develop the record to determine whether plaintiff met the test for disability under the arduous unskilled work history rule; and (2) by finding plaintiff's vision impairment non-severe at step two due lack of substantial evidence. ECF No. 11 at 7. Plaintiff requests that the matter be remanded to the Commissioner. Id. at 18.

### A.   Step Two Error is Harmless

The court first addresses plaintiff's allegation of error at Step Two. "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were considered. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At step two, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). A finding that an impairment is not "severe" at step two is generally harmless if: (1) the ALJ finds that other impairments are severe, (2) step two is therefore resolved in plaintiff's favor, and (3) the limiting effects of the non-severe impairment are then considered throughout the remainder of the sequential evaluation. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision

reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless."); see also, Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005) ("Here, the ALJ did not find that Burch's obesity was a 'severe' impairment . . . Assuming without deciding that this omission constituted legal error, it could only have prejudiced Burch in step three (listing impairment determination) or step five (RFC) because the other steps, including this one, were resolved in her favor.").

Here, any error at step two was harmless.  The ALJ found that plaintiff had the severe impairment of brain aneurism, resolving Step Two in plaintiff's favor.  AR 30.  The ALJ went on to specifically and extensively discuss plaintiff's vision impairments in the RFC analysis.  For example, the ALJ reviewed the diagnoses of Joseph Zeiter, M.D., an ophthalmologist, who examined the claimant on May 12, 2020 and diagnosed oculomotor fourth nerve palsy of the right eye.  AR 34.  The ALJ also discussed plaintiff's ongoing treatment for double vision, including a diagnosis of sclerosis in both eyes and hypertropia of the right eye, with a prescription for prism glasses.  AR 34.  The ALJ's opinion clearly demonstrates consideration of plaintiff's vision impairments at Step 4.  AR 33-35.

Further, though the ALJ did not include clear vision limitations in the RFC, the occupations identified and relied upon at step five are not demanding in terms of their vision requirements.  AR 36-37.  As generally performed in the national economy, work as a machine feeder does not require near acuity (clarity of vision at 20 inches or less); far acuity (clarity of vision at 20 feet or more); depth perception (three-dimensional vision); accommodation; color vision; or field of vision.  AR 37, DICOT 699.686-010, 1991 WL 678871.  Work as a linen-room attendant as generally performed in the national economy requires occasional (up to 1/3 of the time) near acuity, and occasional color vision, but does not require far acuity, depth perception, accommodation, or field of vision.  AR 36-37, DICOT 222.387-030, 1991 WL 672098.  Work as a hand packager as generally performed in the national economy requires occasional near acuity, occasional depth perception, and occasional color vision.  AR 37, DICOT 920.587-018, 1991 WL 687916.  The work does not require far acuity, accommodation, or field of vision.  Id. Considering the foregoing, the undersigned finds any error at step two to be harmless error.

B. <u>Arduous Unskilled Work Analysis</u>

Plaintiff argues that the ALJ failed to properly develop the record to accurately determine whether plaintiff falls into the category of the "worn out worker," an individual with an arduous work history and marginal education who is unable to adjust to any other type of work. ECF No. 11 at 8; 20 C.F.R. § 404.1562 (Medical-vocational profiles showing an inability to make an adjustment to other work). To qualify under this regulation, an applicant must (1) not be working at the substantial gainful activity level, (2) have work experience of 35 years or more of arduous unskilled physical labor, (3) have a severe impairment(s) preventing continued arduous physical labor work, and (4) have no more than a marginal education. 20 C.F.R. § 404.1562(a). Plaintiff argues he "might meet the test," and the ALJ's failure to develop the record and explore the facts critical to determining whether plaintiff meets the test is error, requiring remand. ECF No. 11 at 9. The Commissioner argues that the existing facts make clear that plaintiff does not meet the test.

In Social Security cases, the ALJ has an independent "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's duty is heighted when the claimant appears unrepresented. <u>Cox v. Califano</u>, 587 F.2d 988, 991 (9th Cir. 1978). ("...where the claimant is not represented, it is incumbent upon the ALJ to 'scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts.'"). "Ambiguous evidence, or the ALJs own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." <u>Tonapetyan</u>, 242 F.3d at1150 (internal citation omitted). Here, plaintiff raises a question as to whether the ALJ adequately inquired into whether plaintiff performed the required 35 years of arduous physical labor during the period from 1983 to 2017. AR 192, 194-195, 205, 225. Regardless of the skill level of the work, the medical-vocational profile requires 35 years of arduous physical labor. 20 C.F.R. § 404.1592(a).

Here, plaintiff initially reported that he performed agricultural work on various farms from 1983 to 2012. AR 205, ECF No. 11 at 11. On a revised form, plaintiff indicated that he performed work as a machine operator in the agricultural business through November 2016. AR

8

225. While the work history report that plaintiff represents as more accurate is silent regarding work from December 2016 through March 2018, the earnings report indicates plaintiff's agricultural work continued through 2017. AR 195. For example, plaintiff has earnings from Sun Harvest Inc in 2013, 2014, and again in 2017. AR 195-96. Plaintiff asserts that "[p]resumably, Martinez's machine operator work in the agricultural business also went back to 1983," potentially amounting to the required 35 years of work. Id.

Defendant argues that even if machine operator work dated back to 1983 and assuming plaintiff performed some agricultural machine operator work in 2017, the record indicates that plaintiff performed work for Sun Harvest for only part of 2017. AR 194-195. Additionally, defendant notes that plaintiff's earnings in 1985 and 2000 "are below the level that would show substantial gainful activity, and it does not appear that he worked full-time during these years." ECF No. 16 at 8(citing AR 192); see 20 C.F.R. § 404. 1574 (Evaluation guides if you are an employee). The court finds that the Commissioner's own review of the record indicates that it is less than clear with respect to plaintiff's work history, and the Commissioner does not dispute that the ALJ failed to explore this issue at all at the hearing. The Commissioner does not state definitively that the record shows plaintiff did not work for all of 2017, or that plaintiff clearly did not work full time in 1985 and 2000, and the records cited do not make the matter apparent. AR 192. Plaintiff, who was unrepresented at the hearing, has no education, and was speaking through a translator, was not asked a single question about his work history. AR 47-52. The ALJ had an obligation to develop the record as to plaintiff's work history in order to determine whether he falls within the parameters of 20 C.F.R. § 404.1562(a). The ALJ did not do so.

The court notes that plaintiff plainly meets the other elements of 20 C.F.R. § 404.1562(a). The ALJ determined that plaintiff is not currently working at a substantial gainful activity level and has not worked at that level since his alleged onset date, satisfying the first element of the regulation. AR 30. The ALJ found that plaintiff is limited to medium work because of his severe impairments, satisfying the third element of the regulation. Finally, though the ALJ categorized plaintiff's education as "limited" rather than "marginal," the ALJ plainly erred on this point. AR 36. The Commissioner generally considers a 7th grade through 11th grade level of formal

9

education to be a limited education. Social Security Ruling 20-01p. The Commissioner generally considers formal schooling at a 6th grade level or less to qualify as a marginal education. Id. In plaintiff's initial disability report, he listed his years of education as "0." AR 205. At the hearing, the ALJ asked plaintiff if he had any education, and plaintiff responded "no." AR 48. Notably, the ALJ did not pose a hypothetical to the vocational expert assuming someone with a limited education, instead he posed vocational consideration an individual with "an education level that is at the illiterate level." AR 54. Illiterate is less than marginal, and marginal is less than limited. Social Security Ruling 20-01p. The record indicates that plaintiff has a marginal education at most, satisfying the final element of the regulation.

### C. Remand

The undersigned agrees with plaintiff that the ALJ erred in failing to develop the record with respect to whether plaintiff qualified under the regulations as a "worn out worker" under 20 C.F.R. § 404.1562(a), and that this error is harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; development of the record may result in plaintiff qualifying for disability under the regulations. It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether he is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, enhancement of the record as to plaintiff's work history is required to determine whether he falls under 20 C.F.R. § 404.1562(a). Remand for further proceedings is the appropriate remedy.

### VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: February 29, 2024.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE